opinion of the court
William D. Friedmann, J.
Judgment creditor’s motion to punish for contempt is denied, as not complying with section 2900.27 (f) of the Rules of the Civil Court of the City of New York (22 NYCRR).
The judgment creditor caused to be served upon the judgment debtor a “subpoena (duces tecum) to take deposition of judgment debtor — with restraining notice”. The subpoena was incorporated on a Blumberg form X429 (enforcement of money judgment: blank court 12-76). Examination of that subpoena indicates that it complied with CPLR 5223, in that it does state on its face “that false swearing or failure to comply with this subpoena is punishable as a contempt of court”. However, nowhere on the subpoena is the more specific indorsement required by 22 NYCRR 2900.27 (f) which provides: “(f) Every subpoena or other process providing for the examination of a judgment debtor or other person, including a garnishee, in addition to the other requirements of CPLR 5223, shall have endorsed on its face, in bold type, the words: This subpoena or process (as the case may be) requires your personal appearance at the time and place specified. Failure to appear may subject you to fine and imprisonment for contempt of court.’ ” The subpoena to take the deposition (supplementary proceedings) was served by substituted service returnable at the office of judgment creditor’s attorney. The judgment debtor defaulted in appearing, and *757 thereafter an order to show cause to punish judgment-debtor-witness for contempt was secured from this court. Had the subpoena been returnable in court, the subpoena’s defect might have been detected, but in any event it was not uncovered when the order to show cause was approved.
The order was then personally served upon judgment debtor, who defaulted in appearing before this court. The defect was thereafter discovered upon this motion to punish for contempt.
CONCLUSION
Punishing for contempt — entailing a possible fine or imprisonment is serious business. This court is not inclined to dispute the wisdom of section 2900.27 (f) of the Rules of the Civil Court of the City of New York, in requiring the specific indorsement concerning personal appearance on the face of a subpoena. Such rule was adopted by the Administrative Board of the Judicial Conference, and its specific content seems desirable. It would also seem desirable that CPLR 5223 be amended, to conform to the more precise language of 22 NYCRR 2900.27 (f), to avoid a situation such as is involved here.
Accordingly, motion to punish for contempt is denied.